ESTATE OF ETHEL H. KURZ, DECEASED, THE FIRST NATIONAL BANK OF CHICAGO, EXECUTOR, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kurz v. Commissioner
Docket No. 17865-90
United States Tax Court
T.C. Memo 1994-221; 1994 Tax Ct. Memo LEXIS 220; 67 T.C.M. (CCH) 2978; May 19, 1994, Filed; As Corrected May 19, 1994 *220 An order will be issued denying the motion for reconsideration and directing the parties to submit their computations for entry of decision under Rule 155. For petitioner: Michael W. Coffield and Clarke C. Robinson. For respondent: James S. Stanis. PARKER PARKER SUPPLEMENTAL MEMORANDUM OPINION PARKER, Judge: This case is presently before the Court on petitioner's motion for reconsideration of . Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner requests that the Court set a briefing schedule and hold a hearing en banc for the purpose of hearing argument on issues that petitioner says were raised for the first time by the Court in its opinion. We disagree and decline to do so. The granting of a motion for reconsideration rests within the discretion of the Court. . Generally, the Court denies such a motion unless the movant demonstrates unusual circumstances *221 or substantial error. . We will deny petitioner's motion because there is no unusual circumstance or error of law. The facts necessary for the disposition of this issue are set forth in our earlier opinion. For clarity, we begin with a brief recital of certain facts pertinent to this supplemental opinion. Decedent, Ethel H. Kurz, had the right to consume the principal of a trust fund, the Marital Trust Fund. In the event the principal of the Marital Trust Fund was completely exhausted, decedent had the right each year to consume up to 5 percent of the principal of a second trust fund, the Family Trust Fund. At the time of decedent's death, the principal of the Marital Trust Fund had not been completely exhausted. In our earlier opinion, we held that, at the time of her death, decedent had a general power of appointment over 5 percent of the Family Trust Fund. As a result, we held that 5 percent of the Family Trust Fund was includable in her gross estate under section 2041(a)(2). In reaching this conclusion, we stated that, although an event or contingency need not necessarily be beyond decedent's control, an event or contingency that *222 would bar the application of section 2041 should be such that it prevents or avoids practical ownership of the property. . We stated further: "A condition that has no significant nontax consequence independent of a decedent's power to appoint the property for her own benefit does not prevent practical ownership; it is illusory and should be ignored." . Petitioner argues that the withdrawal of principal from the Marital Trust Fund has significant nontax consequences independent of decedent's power to withdraw principal from the Family Trust Fund. Petitioner asserts that such nontax consequences include the following: 1. Withdrawn funds would lose the trust protection from decedent's creditors during her lifetime; 2. Withdrawn funds would lose protection from guardianship proceedings in the event of decedent's incompetency; 3. Withdrawn funds could be used by decedent to make direct gifts during her lifetime; 4. Withdrawn funds could be invested, put under investment management, or made subject to a power of attorney as decedent from time to time might *223 decide; 5. Withdrawn funds would be vested in decedent so that the rule against perpetuities with respect thereto would start to run at decedent's death, rather than at the earlier death of her husband; 6. Withdrawn funds would be subject to probate, with its administration expenses and fees, delay, and publicity; 7. Withdrawn funds would be subject to the claims of the creditors of decedent's estate; and 8. Withdrawn funds would be subject to statutory rights of a surviving spouse of decedent, such as intestate share, surviving spouse's award, and renunciation of decedent's will. Contrary to petitioner's assertions, such consequences are not independent of decedent's power to withdraw principal from the trust funds. Rather, they are the natural consequences of withdrawing principal from a trust and are the consequences anticipated by the definition of a general power of appointment, a power exercisable in favor of decedent, her estate, her creditors, or the creditors of her estate. Sec. 20.2041-1(b)(1), Estate Tax Regs. Petitioner agrees that the right to withdraw principal from the Marital Trust Fund was a general power of appointment. Decedent's practical ownership *224 of the principal of the Marital Trust Fund would not have been diminished if the Marital Trust Fund had been divided into two or more subtrust funds with the withdrawal rights over the second subtrust fund dependent upon complete exhaustion of the first subtrust fund. Likewise, decedent's practical ownership of 5 percent of the Family Trust Fund was not diminished by the requirement that the funds of the Marital Trust Fund first be exhausted. We therefore deny petitioner's motion for reconsideration and reaffirm our original holding in this case. To reflect the foregoing, An order will be issued denying the motion for reconsideration and directing the parties to submit their computations for entry of decision under rule 155.